**In re Petition for DISCIPLINARY ACTION AGAINST John M. BROEKER, a Minnesota Attorney, Registration No. 11782.**

**No. A08–1845.**

Supreme Court of Minnesota.

July 6, 2009.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent John M. Broeker committed professional misconduct warranting public discipline, namely, failing to comply with the terms of his previous private disciplinary probation, failing to maintain proper trust account books and records and using the trust account for purposes other than holding client funds, failing to reasonably communicate with and return the funds of one client, and failing to reasonably communicate with a second client and failing to diligently pursue representation of that client, in violation of Minn. R. Prof. Conduct 8.1(b), 1.15, 1.4, 1.16(d), and 1.3 and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct and waives his procedural rights under Rule 14, RLPR. The parties jointly recommend that the appropriate discipline is a public reprimand and two years of supervised probation. In addition, respondent agrees to pay disbursements of $574.62.

The court has independently reviewed the file and approves of the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent John M. Broeker is publicly reprimanded and placed on supervised probation for two years, subject to the following terms and conditions:

a. Respondent shall cooperate fully with Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks from the date of filing of this order, respondent shall provide the Director with the names of up to three attorneys who have agreed to be nominated as respondent's supervisor. If,

after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files as described in paragraph d below. The term of respondent's probation does not begin to run until the supervisor has signed a consent to supervise. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall submit to the supervisor an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

e. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from the date of filing of this order, respondent shall provide the Director and the probation supervisor, if any, with a written plan outlining office procedures designed to ensure that respondent is complying with the requirements of probation. Respondent shall provide progress reports as requested.

g. Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

h. Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 to the Rules of Professional Conduct. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balance, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the date of filing of this order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

Respondent shall pay $900 in costs and $574.62 in disbursements pursuant to Rule 24, RLPR.